## STERN et al. v. UNITED STATES.

(Circuit Court, S. D. New York. December 5, 1896.)

CUSTOMS DUTIES—RELIQUIDATION—APPEAL.

A reliquidation of duties, pursuant to a decision of the board of general appraisers, does not extend the time for taking an appeal from the liquidation, nor give a new right of appeal.

This was an appeal by Stern, Leerberger & Stern from a decision of the board of general appraisers, sustaining the refusal of the collector of the port of New York to entertain the protest of the importers against a reliquidation of duties. The importations were made at various dates in 1891 and 1892. Protests were made against the collector's liquidation of duties on these importations, and, pursuant to specific decisions of the board of general appraisers, reliquidations were made, in all the cases, on January 11, 1894. A protest against such reliquidation was filed by the importers on January 20, 1894, which the collector refused to entertain, because filed too late, claiming that a reliquidation, pursuant to a decision of the general appraisers, does not extend the time for lodging a protest.

Stephen G. Clarke, for plaintiffs.

H. D. Sedgwick, Asst. U. S. Atty.

WHEELER, District Judge. These importers appear to have got such a decision upon an appeal to the board of general appraisers that they did not apply to the circuit court for a review, but left it for transmission to the collector. Upon reliquidation this second appeal has been taken. If this appeal includes anything not covered by the former appeal, it is, as to that, altogether too late. If not, it was ended by the disposition made of that, which the statute makes absolutely conclusive. 26 Stat. 137, 138, § 14. The case of Robertson v. Downing, 127 U. S. 607, 8 Sup. Ct. 1328, relied upon for the importers, arose under a different statute, and involved no question as to a second appeal from a collector's decision, but only, in this respect, to the time of taking the first. Decision of appraisers affirmed.